UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert G. Modrall, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>US DOJ OIG Investigations Division )<br>)<br>Respondent. )<br>) | Case: 1:17-cv-00042<br>Assigned To : Unassigned<br>Assign. Date : 1/10/2017<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

The Court construes the *pro se* complaint as a petition for a writ of mandamus. According to the petitioner, "the Inspector General of the Department is substantially involved in significant illicit activity which is causing harm to the American people." Pet. at 1. The petitioner deems it "in the best interest of the United States of America that the Inspector General be disbarred, impeached, and prosecuted." *Id.*

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel

discretionary acts," *Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the decision to investigate any particular matter or to prosecute any particular individual is left to Attorney General's discretion, *see Shoshone Bannock Tribes v. Reno,* 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("Courts have also refused to review the Attorney General's litigation decisions in civil matters."); *United States v. Nixon,* 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

The Court will grant the petitioner's application to proceed *in forma pauperis* and deny the petition for a writ of mandamus. An Order accompanies this Memorandum Opinion.

DATE: Jan. 9, 2017

BERYL A. HOWELL
Chief Judge